IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ZAK HOOD,**
      **Plaintiff,**

v.                                   **Case Number 2:22-cv-486**
                                       **Judge Edmund A. Sargus, Jr.**
                                       **Magistrate Judge Jolson**

**JORDAN RESTAURANT**
**GROUP HQ LLC, et al.,**
      **Defendants.**

**OPINION AND ORDER**

This is an action for unpaid wages filed by Plaintiff Zak Hood on behalf of himself and those similarly situated, alleging that, "[w]ithout warning, the defendants closed the doors to their restaurant and then did not pay the employees for their last weeks of work."  (ECF No. 12 at 1.) Plaintiff brings claims for himself and those similarly situated for Failure to Pay Minimum Wages under Ohio Const. Art. II, Sec. 34a; Untimely Payment of Wages under Ohio Revised Code § 4113.15; Damages under Ohio Revised Code § 2307.60; Unjust Enrichment; and Failure to Pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

This matter is before the Court on the Plaintiff's Combined Motion for Conditional FLSA Collective Action Certification and Class Certification under Rule 23 and for Court Supervised Notice to the Class and the Collective.  (ECF No. 12.)  Defendants have all indicated that they do not oppose this motion.  (ECF No. 39.)

With regard to the Rule 23 Class, for the reasons set forth in Plaintiff's Motion, he has shown that the (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Wal-Mart Stores, Inc. v.*

*Dukes*, 131 S. Ct. 2541, 2551 (2011); Fed. R. Civ. P. 23(a). Plaintiff has also shown that Rule 23(b) requirements of predominance and superiority are met. As to the FLSA, Plaintiff has shown that the employees in the collective are similarly situated as required for conditional certification. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). Accordingly, the Court **CERTIFIES** under Rule 23 and **CONDITIONALLY CERTIFIES** under the FLSA the following class:

> All individuals who were employed at the restaurant the Hen Quarter located in Dublin, Ohio from December 26, 2021 to present.

Defendants are **ORDERED** to provide a class list containing each class member's name, home address, and email address within 14 days of the date of this Order.

The Court finds Plaintiff's counsel, Biller & Kimble, LLC, is well-qualified to handle this matter and are established experts in the wage and hour field. Therefore, the Court **APPOINTS** Riley Edward Kane, Andrew P. Kimble, Andy Biller, and Emily Anne Hubbard of the law firm Biller & Kimble as Class Counsel.

The Court **APPROVES** the proposed form of notice filed on the docket at ECF No.12-13 and **AUTHORIZES** Plaintiff to send the notice to the class members via both U.S. mail and email.

The Court **ALLOWS** a 60-day period in which class members may opt-out.

The Parties are **DIRECTED** to submit a proposed schedule for the remainder of the case approximately 30 days following the close of the notice period.

**IT IS SO ORDERED.**

**10/27/2022**                              **s/Edmund A. Sargus, Jr.**
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**