UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ZAK HOOD,**

                **Plaintiff,**

  v.

**JORDAN RESTAURANT GROUP HQ LLC D/B/A HEN QUARTER,** *et al.,*

                **Defendants.**

**Case No. 2:22-cv-486**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Zak Hood's Motion for Reconsideration of the Order Staying the Case or Motion to Lift the Stay. (ECF No. 103.) Defendants Keith Warren, Jordan Restaurant Group, LLC, Jordan Hospitality Group, LLC, and Jordan Restaurant Group HQ, LLC[1] have not responded to Plaintiff's Motion. The Court **GRANTS** the Motion to Lift the Stay (ECF No. 103), but for different reasons than those presented by Plaintiff.

## BACKGROUND

In February 2022, Plaintiff commenced a putative class and collective action against the Defendants bringing claims under the Fair Labor Standards Act and analogous Ohio state laws. (Compl., ECF No. 1.) Plaintiff asserts that Defendants collectively operated a restaurant called Hen Quarter, which closed in January 2022, and the Defendants did not properly pay its employees—including Plaintiff—during their final weeks of work. (*Id.* PageID 2.)

On April 25, 2022, Mr. Jordan filed a Suggestion of Bankruptcy, suggesting "on the record that this action is hereby stayed by virtue of the filing of a bankruptcy petition in the United States

---

[1] Jordan Restaurant Group, LLC, Jordan Hospitality Group, LLC, and Jordan Restaurant Group HQ, LLC are collectively referred to as the "LLC Defendants" herein.

1

Bankruptcy Court [for the] Southern District of Ohio, Eastern Division, under Chapter 7, Case No. 2:22-bk-51143." (ECF No. 42); *See In re: Ron M. Jordan*, Case No. 2:22-bk-51143 (April 22, 2022) ("Chapter 7 Proc."). Mr. Jordan listed his Co-Defendants in this action as his co-debtors in his Chapter 7 petition. (Chapter 7 Proc., ECF No. 1.)

On July 25, 2022, Plaintiff commenced an adversary proceeding in the Bankruptcy Court, urging that Court to deny discharge as to alleged debts that pertain to him and similarly situated individuals related this FLSA action. *See Hood et al. v. Jordan*, Case No. 2:22-ap-02021 (July 25, 2022) ("Adv. Proc.").

In January 2024, after observing the Bankruptcy Court dockets, the Court ordered the parties to advise the Court as to the status of the Bankruptcy Court proceedings. (ECF No. 100.) Plaintiff complied and advised as to the status of the Adversary Proceeding, explained it was ongoing, and that Plaintiff had:

> filed a Motion to Modify the Automatic Stay, seeking an Order from the Bankruptcy Court to modify the automatic stay to permit the District Court to continue with prosecution of this case for the limited purposes of determining the factual and legal issues related to whether Mr. Jordan is personally liable as an employer and if so, the amount of damages he is liable for. *See* (AP ECF 68). This motion has since been withdrawn.

(ECF No. 101.) Plaintiff did not speak to the status of Mr. Jordan's Chapter 7 Proceeding.[2] (*Id.*) This Court put on an order staying the action pursuant to 11 U.S.C. § 362, and requiring the parties to file a status report every 90 days on the status of the bankruptcy proceeding. (ECF No. 102.) The Court also denied without prejudice a pending motion for default judgment by Plaintiff against the LLC Defendants. (*Id.*; ECF No. 95.)

---

[2] Plaintiff filed a similar Motion to Modify the Automatic Stay in the Bankruptcy Proceeding and when ruling on that Motion, the Bankruptcy Court noted that Mr. Jordan "received a discharge" and "the automatic stay is no longer in effect by virtue of 11 U.S.C. § 362(c)(2)(c)." (Chapter 7 Proc. ECF No. 82.)

2

Status reports have been filed since. Among other things, Plaintiff's counsel has advised that in the Bankruptcy Proceeding, "it is the Plaintiffs' understanding that the Chapter 7 trustee is holding the case open to investigate possible interests that Mr. Jordan has in Jordan Hospitality Group, LLC." (ECF Nos. 105, 106.) Nowhere in the status reports did Plaintiff advise that Mr. Jordan had received a discharge in his Chapter 7 Proceeding. However, Mr. Jordan was granted a discharge. (Chapter 7 Proc., ECF No. 45.)

Plaintiff also filed the present Motion before the Court.

## LAW AND ANALYSIS

Plaintiff moves the Court to lift the stay and allow the claims against Defendants Keith Warren, Jordan Restaurant Group, LLC, Jordan Hospitality Group, LLC, and Jordan Restaurant Group HQ, LLC, to proceed. (ECF No. 103.) Plaintiff argues that the automatic stay should not extend to Defendant Ron Jordan's non-bankrupt Co-Defendants. (*Id.*) But Plaintiff concedes that claims against Mr. Jordan, who filed a Chapter 7 petition for bankruptcy protection, cannot proceed. (*Id.*)

When a debtor files a petition for bankruptcy relief, an automatic stay goes into effect. Among other things, the filing of a petition stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a). The scope of the automatic stay is broad, subject to some limited exceptions, and enjoins all activities related to the collection of a prepetition debt against the debtor. *In re Riddle*, No. 19-10052, 2019 Bankr. LEXIS 3105, at *3–4 (Bankr. S.D. Ohio July 29, 2019) (explaining the purpose of the automatic stay under § 362(a)). The automatic stay continues until "the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(c).

Once a discharge is entered in the bankruptcy case, the automatic stay is replaced by a discharge injunction under 11 U.S.C. § 524(a). Like the automatic stay, the discharge injunction

3

prevents creditors from trying to collect or recover against the debtor any debt which arose before the commencement of the bankruptcy case. *See* 11 U.S.C. § 524(a) (stating that a discharge in a bankruptcy proceeding "operates as an injunction against the commencement or continuation of an action, . . . to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived"); *see also McCool v. Beneficial (In re McCool)*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010) (explaining that the discharge injunction makes permanent the temporary protections afforded by the automatic stay).

But the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). That is because a "discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability. The debt still exists, however, and can be collected from any other entity that may be liable." *In re Hoerlein*, No. 06-12159, 2007 Bankr. LEXIS 1043, at *6 (Bankr. S.D. Ohio Apr. 3, 2007) (citations omitted).

The Court has reviewed independently the status of the Chapter 7 and Adversarial Proceedings. Mr. Jordan has been granted a discharge in his Chapter 7 Proceeding. (Chapter 7 Proc., Doc. 45.) Thus, the automatic stay as to claims against Mr. Jordan under § 362(a) has been replaced by a discharge injunction under § 524(a), and that discharge operates as an injunction against the continuation of Plaintiff's claims against Mr. Jordan. The discharge, however, does not affect the liability of Mr. Jordan's Co-Defendants—Keith Warren, Jordan Restaurant Group, LLC, Jordan Hospitality Group, LLC, and Jordan Restaurant Group HQ, LLC. *See* 11 U.S.C. § 524(e). This litigation may proceed against Mr. Jordan's Co-Defendants, but not against Mr. Jordan himself.

\* \* \*

As noted above, Plaintiff previously filed a motion for default against the LLC Defendants that was denied without prejudice. (ECF Nos. 95, 102.) If Plaintiff intends to seek default judgment again, Plaintiff must refer to Rule 55 of the Federal Rules of Civil Procedure and first file an application for entry of default, before moving for default judgment. Fed. R. Civ. P. 55(a); *see also Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (explaining that it is procedurally improper for a plaintiff to move for an entry of default judgment without first obtaining an entry of default from the Clerk); *see also* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

## CONCLUSION

For the reasons above, the Motion to Lift the Stay (ECF No. 103) is **GRANTED.** Plaintiff's claims against Defendant Ron Jordan are subject to the discharge injunction under 11 U.S.C. § 524(a). The stay is **LIFTED** as to Plaintiff's claims against Defendants Keith Warren, Jordan Restaurant Group, LLC, Jordan Hospitality Group, LLC, and Jordan Restaurant Group HQ, LLC, and litigation against these Defendants may proceed.

This case remains open.

**IT IS SO ORDERED.**

**9/30/2024**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**