**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ZAK HOOD,**

          **Plaintiff,**

    v.

**JORDAN RESTAURANT**
**GROUP HQ LLC D/B/A HEN**
**QUARTER,** *et al.***,**

          **Defendants.**

              **Case No. 2:22-cv-486**
              **JUDGE EDMUND A. SARGUS, JR.**
              **Magistrate Judge Kimberly A. Jolson**

## ORDER

This matter is before the Court on Plaintiff Zak Hood's Motion for the Clerk to Enter Default Judgment against Defendants Jordan Restaurant Group HQ LLC d/b/a Hen Quarter, Jordan Hospitality Group, LLC, and Jordan Restaurant Group, LLC.[1] (ECF No. 108.) Plaintiff moves the Court to "enter default judgment" "[p]ursuant to Rule 55(b)(1)" of the Federal Rules of Civil Procedure because the LLC Defendants "have not appeared through counsel and, accordingly, are in default." (*Id.* PageID 1012.) Plaintiff does not move for default judgment against the individual Defendants Keith Warren or Ron Jordan.[2]

Plaintiff's previous motion for default judgment was denied without prejudice because there, as here, Plaintiff did not first obtain an entry of a default from the clerk of court. (*See* ECF Nos. 95, 102, 107.) As the Court explained in its prior Opinion and Order, "[i]f Plaintiff intends to seek default judgment again, Plaintiff must refer to Rule 55 of the Federal Rules of Civil Procedure and first file an application for entry of default, before moving for default judgment." (ECF No.

---

[1] Jordan Restaurant Group HQ LLC d/b/a Hen Quarter, Jordan Hospitality Group, LLC, and Jordan Restaurant Group, LLC are collectively referred to as the "LLC Defendants" herein.
[2] Plaintiff's claims against individual Defendant Ron Jordan are subject to the discharge injunction under 11 U.S.C. § 524(a). (ECF No. 108, PageID 1011.)

1

107, PageID 1011.) A plaintiff must first obtain an entry of default as provided by Federal Rule of Civil Procedure 55(a), and then he or she may seek default judgment pursuant to subsection (b). *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (explaining that it is procedurally improper for a plaintiff to move for default judgment without first obtaining an entry of default from the Clerk); *see also* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Plaintiff brings this Motion under Rule 55(b)(1) and "requests that [the Clerk of Court] enter default judgment against" the LLC Defendants. (ECF No. 108, PageID 1012.) Plaintiff has not obtained an entry of default as required by Rule 55(a) and therefore cannot at this time obtain a default judgment under Rule 55(b). Accordingly, the Motion (ECF No. 108) is **DENIED WITHOUT PREJUDICE**. If Plaintiff intends to seek default judgment again, Plaintiff must first file an application for entry of default from the clerk of court under Rule 55(a). After obtaining an entry of default, Plaintiff may then file a separate motion for default judgment under Rule 55(b).

The Court also **ORDERS** Plaintiff to provide notice as to the status of the litigation against individual Defendant Keith Warren. Over a year ago the Court ordered Mr. Warren to supplement his discovery production after Plaintiff filed a status report and motion for relief regarding discovery disputes. (ECF No. 92; ECF No. 83.) The Court held a discovery hearing to address the disputes raised in Plaintiff's status report, but Mr. Warren did not appear for that hearing. (ECF No. 89.) The Court learned that his mailing address changed, updated his address, and ordered him to respond to the motion for relief. (ECF No. 89.) Mr. Warren did not respond, and the Court granted in part and denied in part the motion for relief. (ECF No. 92) Mr. Warren had until May 13, 2023 to supplement his production consistent with the Court's Order. (*Id.*)

The Court is unaware if Mr. Warren complied with the Court's Order (ECF No. 92), or whether Plaintiff intends to proceed with his claims against Mr. Warren. Plaintiff is therefore **ORDERED** to provide notice as to the status of the litigation against Defendant Keith Warren within **21 DAYS** of the date of this Order.

        **IT IS SO ORDERED.**

**11/4/2024**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                       **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**